**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**
The Honorable Michael E. Romero

In re:

Jeffrey Michael Speicher,

      Debtor.

Case No. 19-13850 MER

Chapter 7

## ORDER DENYING MOTION TO ESTIMATE CLAIM

THIS MATTER comes before the Court on the Motion for Estimation of Unliquidated Claim Pursuant to 11 U.S.C. § 502(c)(1), or in the Alternative, Order Directing Trustee to Disburse Funds to Unsecured Creditors ("**Motion to Estimate**") filed by creditors Roddess Ekberg, Sarah Firestein, Justin Fierstein and Timothy Ekberg (collectively the "**Ekbergs**"), the response filed by Debtor Jeffrey Speicher, and the Ekbergs' reply.[1]

## BACKGROUND

Several years prior to the petition date, the Ekbergs sued the Debtor in state court, alleging multiple claims. After a trial, the jury entered a verdict against the Debtor on three claims: (i) deceit based on fraud; (ii) civil theft; and (iii) conspiracy to commit civil theft. Shortly thereafter, the Debtor filed for bankruptcy on May 7, 2019. The Ekbergs obtained relief from the automatic stay to allow the state court to enter a final judgment against the Debtor, which occurred on September 22, 2019 (the "**First Judgment**"). Debtor appealed the First Judgment's verdict on the civil theft and conspiracy claims, but not the fraud claim.

Meanwhile, the Ekbergs initiated an adversary proceeding against the Debtor, arguing the judgment debt he owes them is nondischargeable under 11 U.S.C. § 523.[2] The parties agreed to hold the adversary proceeding in abeyance while the appeal was completed.

On September 2, 2021, the Colorado Court of Appeals issued its opinion affirming in part and reversing in part.[3] The Court of Appeals concluded the state court applied the wrong statute of limitations to the civil theft and conspiracy claims and remanded for a new trial on those claims. In all other aspects, the Court of Appeals

---

[1] ECF No. 417, 420, 422, 428.

[2] Adv. Pr. No. 19-1202

[3] *Ekberg v. Speicher*, 2021 WL 12344331 (Colo. Ct. App. Sep. 2, 2021).

affirmed the First Judgement.  Following remand, the state court conducted a second trial on the civil theft and conspiracy claims.  At the conclusion of the trial, the jury again returned a verdict in favor of the Ekbergs, and the state court entered judgment against the Debtor (the "**Second Judgment**").  The Debtor then appealed the Second Judgment.

In the meantime, this Court granted the Ekbergs' request in the adversary proceeding to lift the abeyance for the limited purpose of filing a motion for partial summary judgment.  The Court ultimately granted partial summary judgment in their favor, entering a nondischargeable judgment against the Debtor for the fraud portion of the Second Judgment in the amount of $326,963 plus interest.  The Court determined the fraud judgment was final because the Debtor never appealed that portion of the state court's ruling.  The nondischargeability of any debt for the Ekbergs' theft and conspiracy claims remains pending and in abeyance.

On October 24, 2024, the Colorado Court of Appeals issued an opinion reversing the Second Judgment.[4]  The Court of Appeals concluded the state court gave an improper jury instruction on the conspiracy claim and, once again, remanded for a new trial.

The Ekbergs, not wanting to await the outcome of a third trial, filed a Motion for Order Directing Trustee to Disburse Funds to Unsecured Creditors, asking the Court to require the Chapter 7 Trustee to make an interim distribution to creditors, even though the full amount of their claim against the Debtor has not been liquidated.[5]  The Ekbergs suggested the Trustee could make a pro rata distribution on the nondischargeable fraud judgment entered by this Court and use the remainder of the estate funds to pay other unsecured creditors in full.  The Court denied this request without prejudice, in part because it would alter the pro rata distribution to favor payment of dischargeable claims over nondischargeable claims.[6]  It would also have violated the terms of a court-approved settlement agreement between the Debtor and the Trustee, under which the Trustee agreed to hold off on submitting a final report until the state court action is complete, to allow for an accurate pro rata distribution.[7]

The Ekbergs have now filed their Motion to Estimate.  They argue that it will take too long for the state court proceeding to conclude and that this Court should estimate the amount of their claim so the Trustee can make the final pro rata distribution based on that estimate.  The Debtor objects, arguing that estimation is not required.  Shortly

---

[4] *Ekberg v. Speicher*, 2024 WL 4578665 (Colo. Ct. App. Oct. 24, 2024).

[5] ECF No. 408.

[6] ECF No. 415.

[7] ECF Nos. 339, 343.

after the Ekbergs filed their Motion to Estimate, the state court set a 5-day trial on the Ekbergs' civil theft and conspiracy claims to begin on May 18, 2026.

## DISCUSSION

In the Motion, the Ekbergs ask the Court to estimate their claim for distribution purposes under 11 U.S.C. § 502(c).  In relevant part, that section provides:

> (c) There shall be estimated for the purpose of allowance under this section--
>
> (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case[.]

Under this section, estimation is only required if the court determines that liquidation outside of bankruptcy would "unduly delay" administration of the bankruptcy case. While "undue" is not defined, it generally means "unjustifiable."[8]  When applying § 502(c), it is important to remember that "estimation does not become mandatory merely because liquidation may take longer and thereby delay administration of the case . . . [because] [l]iquidation of a claim, in fact, will almost always be more time consuming than estimation."[9]  Rather, in considering whether a delay is "undue," courts consider "all the circumstances in the case and, in particular, how long the liquidation process would take compared with the uncertainty due to the contingency in question."[10] Courts will also perform a cost-benefit analysis, considering the time, costs, and benefits associated with both estimation and liquidation.[11]

In this case, the most important consideration is that the state court has set a trial date that will allow liquidation of the claim in a relatively short period.  The Court recognizes that the state court proceedings have been protracted due to the appeals and retrials.  However, the state court can liquidate the claim on a final basis more quickly than this Court could estimate it.  The Ekbergs argue that this Court has discretion to determine the method for estimating their claim and suggest a truncated process involving a review of the transcripts from the prior state court trials.  That method seems highly problematic, given that the outcomes of both trials were overturned on appeal.  It is more likely that an estimate would necessitate an evidentiary hearing before this Court and all the procedures it entails.

---

[8] *Estate of Donovan v. Anderson (In re Anderson)*, 670 B.R. 528, 562 (Bankr. S.D. Ohio 2025).

[9] *Id.* at 561 (quoting *In re Dow Corning Corp.*, 211 B.R. 545, 563 (Bankr. E.D. Mich. 1997)).

[10] *Id.*

[11] *Id.*

On this topic, the Court finds the case of *In re Anderson* to be persuasive.[12]  In *Anderson*, the bankruptcy court denied a motion to estimate, opting to allow liquidation in a pending state court case, even though the state court proceedings might take longer.  The court reasoned:

> [T]he cost of estimating [the creditor's] claim far outweighs what little time estimation might save.  Though liquidation might take longer, it would provide certainty and thus enable the parties to reliably act.  Estimation, by contrast would (1) take a significant amount of time and (2) lack any meaningful degree of accuracy, due to the uncertain and contingent nature of [the creditor's] claims.  Given that it will be far less costly and likely take just slightly longer, waiting for the State Court to liquidate [the creditor's] claims will not "unduly delay" the administration of [debtor's] Chapter 13 case.[13]

The court in *Anderson* noted the uncertainties in estimating the creditor's claim, given a pending state-court appeal and how that might affect further state-court proceedings.  These uncertainties, the court held, would make it "quite challenging" to estimate the claims reliably.  The court concluded, "[b]ecause estimation would create little to no benefit in terms of speedier case administration, and require significant resources, time, and duplicative efforts, the delay associated with liquidation is far from unjustifiable, unwarranted, or excessive, and therefore not undue."[14]

Here, the state court is clearly well-versed in the lawsuit and has extensive institutional knowledge of the parties and their dispute.[15]  Indeed, the state court has already entered judgment on the fraud claim—which involves the same underlying facts as the remaining theft and conspiracy claims.  Following completion of the second appeal, it remains unclear how a jury, given proper jury instructions, will determine the Ekbergs' theft and conspiracy claims at the new trial.  As in *Anderson*, these uncertainties would make estimation "quite challenging."  Even if liquidation in state court is potentially slower, it will produce a more certain result.[16]  It would be inefficient for this Court to duplicate the state court's efforts, especially given that the trial is set to

---

[12] 670 B.R. 528, 562 (Bankr. S.D. Ohio 2025).

[13] *Id.*

[14] *Id.* at 564.

[15] This is true whether or not a particular state court judge retired or was rotated off the case, which frequently occurs in state court.

[16] *Id.* ("And estimation necessarily produces an uncertain result. Liquidation, while (potentially) slower, produces a certain result.").

begin in a few short weeks.[17]  Based on all these circumstances, the Court concludes any delay associated with liquidation in state court is not unjustifiable and therefore not undue.

The Ekbergs' Motion to Estimate also requests, in the alternative, that the Court order an interim distribution based on their partially liquidated fraud claim.  That request is denied for the same reasons the Court denied their earlier request for the same relief.  Such a distribution would unfairly alter the pro rata distribution, favoring payment of dischargeable claims over nondischargeable claims.  The "credit" suggested by the Ekbergs would not solve this issue.  An interim distribution would also violate the terms of a court-approved settlement agreement between the Debtor and the Trustee.

## CONCLUSION

For all these reasons, the Ekbergs' Motion to Estimate is DENIED.

Dated: March 19, 2026                    BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[17] While it is possible that a third appeal could follow whatever judgment is entered by the state court, such outcome is speculative at this juncture.  Furthermore, the risk of appeal is not absent in the claim estimation process.  *See In re Anderson*, 670 B.R. at 563 (noting dissatisfaction with a claim estimation could result in an appeal and/or disputes over the interlocutory nature of an estimation order).

5